UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

BRENTWOOD GOLF CLUB, L.L.C.

    Debtor,

BASIL T. SIMON, Chapter 11 Trustee
of Brentwood Golf Club, LLC, and
JPMORGAN CHASE BANK, N.A.,

Civil No. 05-71835
05-72625
Hon. John Feikens

    Plaintiffs - Appellees,

        v.

BRENTWOOD TAVERN, L.L.C.
a Michigan Limited Liability Company,

    Defendant - Appellant.

_____/

## OPINION AND ORDER

Appellant Brentwood Travern, L.L.C. brings two motions before this Court.  First, Appellant moves for leave to appeal the decision of the bankruptcy court's Order Granting In Part And Denying In Part Brentwood Tavern, L.L.C.'s Motion to Alter Judgment.  Second, Appellant moves for leave to appeal the bankruptcy court's scheduling order and request for immediate intervention and hearing.  Appellant brings these causes of action under this Court's appellate jurisdiction over the bankruptcy court.  28 U.S.C. § 158.  For the reasons stated below, I DENY both of Appellant's motions.

### I. FACTUAL BACKGROUND

Brentwood Golf Club, L.L.C. ("Debtor") was owned by Moore Family Limited

Partnership ("MFLP") and Barrie Moore.  (Bank's Resp. at 1-2.)  MFLP is owned by Farrell and Ann Moore, their son, Barrie Moore, and Farrell and Ann Moore's other children and grandchildren.  Id. at 2.  Debtor's primary business is an 18 hole golf course in White Lake, Michigan; upon the Debtor's property are situated several outbuildings and a main clubhouse.  (Resp. at 1.)  There are banquet facilities and a bar and grill operation inside Debtor's clubhouse which are operated by Brentwood Tavern, L.L.C. ("Tavern"), a Michigan limited liability company.  (Resp. at 1.)  Tavern is solely owned by Farrell and Barrie Moore.  (Bank's Resp. at 2.)  On March 26, 2001, JPMorgan Chase Bank, N.A. ("Bank") loaned Debtor the proceeds to acquire the golf course.  (Bank's Resp. at 2.)  Bank made two loans to Debtor securing these loans with a lien on all of Debtor's real and personal property.  Id. at 2.  Tavern guaranteed Debtor's obligations to Bank.  Id. at 2.

Barrie Moore managed the operations of Debtor until the appointment of the Chapter 11 Trustee.  (Resp. at 1.)  Barrie Moore also manages Tavern.  Id. at 1.  Tavern operates its clubhouse facilities pursuant to a February 10, 2003 lease (the "Lease") with Debtor as the landlord.  Id. at 1.

On March 1, 2003, Debtor was in default on its obligations to Bank and in October 2003, Bank commenced foreclosure proceedings.  Id. at 2.  On May 17, 2004, Debtor filed this Chapter 11 case to stop the foreclosure sale.  Id. at 2.  Debtor did not propose a plan of reorganization and in December of 2004, Bank moved to appoint Basil Simon as the Chapter 11 Trustee ("Trustee").  Id. at 2.  For over a year after Debtor commenced the bankruptcy proceedings Debtor failed to propose a "feasible plan of operation."  (Bank's Resp. at 2.)  Furthermore, the Moore family allegedly structured the operation of Debtor and Tavern in a manner

disadvantageous to Debtor, therefore, Trustee initiated an adversary proceeding against Tavern in bankruptcy court seeking "substantive consolidation of the operations of [...] Tavern with those of [...] [Debtor]." (Appellant's Mot. at Ex. 1 (Motion for Order to Show Cause) at 1; Bank's Resp. at 2.)

Trustee alleges that Barrie Moore restricted Brentwood's patrons and Trustee from accessing certain portions of the clubhouse by changing locks and alarm codes. (Appellant's Mot. at Ex. 1 ¶ 9.) Simon further alleges that Barrie Moore claims that Tavern owns all of the inventory in the pro shop. Id. at Ex. 1 ¶ 9. Additionally, Simon alleges that Barrie Moore, in violation of the lease, permitted two individuals to conduct business on the upper floor of the clubhouse without Simon's permission. Id. at Ex. 1 ¶ 9.

On April 12, 2005, Simon filed a motion requesting that the bankruptcy court hold Barrie Moore and Tavern in contempt and restrain them from interfering with the operations of Debtor. Id. at 1; Appellant's Mot. at Ex. 1 (Motion for Order to Show Cause). On April 19, 2005, the bankruptcy court entered an order granting in part the Trustee's motion. Id. at Ex. 2 (Order) at 1-2. On April 22, 2005, Tavern filed a motion to alter the Bankruptcy Court's judgment. Id. at Ex. 3 (Mot. to Alter) at 1-2. On April 26, 2005, the bankruptcy court held a scheduling conference and the following day that court entered a scheduling order.[1] (Appellant's Mot. for Intervention at 3.)

On April 28, 2005, the bankruptcy court issued an order granting in part and denying in part Appellant's motion. (Appellant's Mot. at Ex. 4 (Motion to Alter Order) at 1-2.) On May 9,

---

[1] The Scheduling Order set the discovery completion date on June 17, 2005. (Appellant's Mo. for Intervention at Ex. 1 (Scheduling Order) at 1.) The Bankruptcy Court set trial for August 1, 2005. Id. at Ex. 1 at 1.

3

2005, Tavern filed a motion for leave to appeal the bankruptcy court's April 28, 2005 Order. (Appellant's Mot.)

The bankruptcy court permitted Bank an opportunity to intervene in this case.[2] (Appellant's Mot. for Intervention at 2.)  Bank filed a complaint seeking a lien in Appellant's assets.  Id. at 2.

Tavern claims that it filed a motion to amend the scheduling order, requested additional time for discovery and adjournment of the trial date.  Id. at 5.  On June 14, 2005, the bankruptcy court permitted Tavern an additional thirty days for discovery but the bankruptcy court did not alter its scheduling order.  Id. at 5; citing Ex. 2 (Order Denying Def.'s Mot. to Extend) at 1-2. On June 29, 2005, Appellant filed a motion for leave to appeal and request for immediate intervention and hearing.  (Appellant's Mot. for Intervention).

## II.  ANALYSIS

### A. Motion For Leave to Appeal Standard

A district court may hear an appeal from a bankruptcy judge's interlocutory order where the district court grants leave to appeal.  28 U.S.C. § 158(a).  However, neither 28 U.S.C. § 158(a), nor Fed. R. Bankr. P. 8003 state how a district court determines whether to grant an appellant leave to appeal.  Generally, district courts have adopted the standard set forth in 28 U.S.C. § 1292(b) (which deals with appeals of interlocutory order from district courts to courts of appeals) to determine whether to grant leave to appeal from an order fo the bankruptcy court. In re Eggleston Works Loudspeaker Co., 253 B.R. 519, 521 (6th Cir. B.A.P. 2000); 10 Lawrence

---

[2] Tavern claims that only on June 3, 2005, did the Bankruptcy Court grant the Bank's motion to intervene.  (Appellant's Mot. for Intervention at 2.)  However, Bank claims that the Bankruptcy Court granted its motion at a hearing held on May 12, 2005.  (Bank's Resp. at 3.)

P. King, Collier on Bankruptcy ¶ 8003.03 (15th ed. 1979) (citing Big Rivers Elec. Corp. v. Schilling, 252 B.R. 670 (W.D. Ky. 2000); In re Dino's, Inc., 183 B.R. 779 (S.D. Ohio 1995) (other citations omitted)).

Section 1292(b) provides that an appeal may be taken from an interlocutory order where the order involves: "[i] a controlling question of law [ii] as to which there is substantial ground for difference of opinion and [iii] an immediate appeal [...] may materially advance the ultimate termination of the litigation[;]" and (iv) a court should consider "whether denying leave to appeal would result in wasted litigation and expense."  28 U.S.C. § 1292(b); In re Eggleston Works Loudspeaker Co., 253 B.R. at 521.  Courts have tended to hold that "a controlling question of law" need not be dispositive of the case.  10 Lawrence P. King, Collier on Bankruptcy ¶ 8003.03 (15th ed. 1979).

A "controlling question of law" does not need to be "directly related to substance of the controversy between the parties[,]" although it is important that the resolution of the question substantially accelerate the conclusion of litigation.  Id. ¶ 8003.03; citing 19 Moore's Federal Practice, § 203.31[3] (Matthew Bender 3d ed.).  The controlling question may regard "an order transferring or refusing to transfer an action, a stay of the action pending the appeal, the right to a jury trial, disqualification of counsel, or even discovery."  Id. ¶ 8003.03; citing 19 Moore's Federal Practice, § 203.31[3] (Matthew Bender 3d ed.).

**B.  Appellant's First Motion for Leave to Appeal**

Appellant Tavern moves for leave to appeal to this Court on the basis that the bankruptcy court, in entering its April 28, 2005 order, erred "in ruling on matters outside the issues, findings and facts contained in the parties' pleadings or those made on oral argument on the record."

(Appellant's Mot. at 2.)  In this interlocutory appeal, Plaintiff frames the substantive issue as whether the bankruptcy court exceeded its authority in making its April 28, 2005 order.  Id. at 2. As framed, this motion for leave to appeal does not involve a controlling question of law.  With reference to 28 U.S.C. § 1292(b) the term "question of law" refers to a "pure" question of law and not just an issue that is free from factual disputes.  Ahrenholz v. Bd. of Trustees of Univ. of Ill., 219 F.3d 674, 676-77 (7th Cir. 2000) (stating that a "pure question of law" is one that a court does not need to study the record to determine).  In the case at hand, Plaintiff asks this Court to review the oral arguments, the parties' pleadings and the record to determine if the bankruptcy court exceeded its authority.  (Appellant's Mot. at 2.)  Based on Appellant's own motion, I hold that Appellant does not present a question of law for this Court's review, rather Appellant asks this Court to become involved in a factual dispute.  Thus, Appellant's issue is not suitable for appeal.

Appellant does not even attempt to demonstrate how an immediate appeal of this issue would substantially speed up litigation.  To the contrary, a lengthy review of the pleadings, oral argument, and the record of the bankruptcy court's proceedings would substantially bog down the litigation.  Additionally, Appellant has not stated how denying its motion for leave to appeal would result in wasted litigation or expense.

Appellant has not set forth either the first, third or fourth elements required for granting a motion for leave to appeal.  Thus, I DENY Appellant's motion for leave to appeal the decision of the bankruptcy court's Order Granting In Part And Denying In Part Brentwood Tavern, L.L.C.'s Motion to Alter Judgment.

**C. Appellant's Second Motion for Leave to Appeal and a Hearing**

Appellant Tavern moves for leave to appeal and request for immediate intervention and hearing on the basis that the bankruptcy court "erred by refusing to amend its scheduling order [...]." (Appellant's Mot. for Intervention at 1.) Bank correctly asserts that: (i) Appellant presents no controlling question of law; (ii) Appellant's request will delay the ultimate termination of the litigation; and (iii) denying this motion would not result in wasted litigation and expense. (Bank's Resp. at 4.)

The bankruptcy court based its decision to deny Appellant's request to amend the scheduling order on several grounds. The court stated that due to the nature of the proceeding the court believed the proceeding had "to move quickly[.]" (Bankr. Hr'g June 14, 2005 at 7.) Yet, the court, without altering the date for trial, permitted Appellant an extra 30 days to obtain the depositions that Appellant believed were necessary for trial. Id. at 13. Appellant argued that the court was violating Appellant's rights because Bank had been added to the cause of action just ten days before that particular hearing. Id. at 13. However, the bankruptcy court did not alter the trial date because Appellant did "not [cite] any law [to the court]" and that the court was acting with the best interest of the estate in mind. Id. at 14. Furthermore, the court stated that Appellant was being hypocritical in requesting additional discovery time because Appellant still had not responded to the other parties' 2002 documents. Id. at 17.

In this interlocutory appeal, Appellant frames the substantive issue as whether the bankruptcy court "erred by refusing to amend its scheduling order [...]." (Appellant's Mot. for Intervention at 1.) This is not a controlling question of law. As stated above, the term "question of law" refers to a "pure" question of law and not just an issue that is free from factual disputes. Ahrenholz, 219 F.3d at 676-77. However, Plaintiff requests that this Court review the parties'

behavior and determine whether Trustee or Bank were dilatory and unnecessarily uncooperative during the discovery process. (Appellant's Mot. for Intervention at 1-5.) This type of exercise is better left for the bankruptcy court which is intimately aware of all the activity in this case.

Although a controlling question of law may regard a discovery issue, I find no cases in which a court has reviewed a scheduling order. 19 Moore's Federal Practice, § 203.31[3] n. 17 (Matthew Bender 3d ed.) Furthermore, Appellant cites no case to support its motion. Given the lack of cases regarding this specific issue, it appears that appellate review of a bankruptcy judge's decision not to alter a scheduling order is exceedingly rare. I hold that Appellant does not ask this Court to review a controlling issue of law, and therefore, Appellant's issue is not suitable for appeal.

I highlight that the bankruptcy court has already granted Appellant an extension of discovery. (Bankr. Hr'g June 14, 2005 at 13.) Furthermore, even if Appellant had stated a controlling question of law, Appellant's request would only serve to delay the eventual trial date and the ultimate termination of the litigation.

Additionally, Appellant does not even attempt to explain how this Court's denial of Appellant's motion will result in wasted litigation or expense. The parties have been aware of the bankruptcy court's scheduling order since April 27, 2005. (Appellant's Mot. for Intervention at Ex. 1 at 3.) On the contrary, granting Appellant's motion and permitting an extension of discovery and postponement of trial would inevitably add additional litigation expense. Therefore, a denial of Appellant's motion will not result in wasted litigation or expense but will actually prevent the parties from incurring additional discovery expenses.

Appellant has not set forth either the first, third or fourth elements for a motion for leave

8

to appeal. Thus, I DENY Appellant's motion for leave to appeal and request for immediate intervention and hearing.

### III. CONCLUSION

Appellant fails to present a controlling question of law, and fails to demonstrate how either of its motions would advance and not merely add expense and delay on going litigation. Therefore, I DENY Appellant's motion for leave to appeal the decision of the bankruptcy court's Order Granting In Part And Denying In Part Brentwood Tavern, L.L.C.'s Motion to Alter Judgment; and I DENY Appellant's second motion for leave to appeal and request for immediate intervention and hearing.

**IT IS SO ORDERED.**

Date:  August 1, 2005                    S/John Feikens

United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on August 1, 2005, by U.S. first class mail or electronic means.

S/Carol Cohron
Case Manager